**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Joaquin Eugene GUERRERO, Jr.,
Defendant-Appellant.**

**No. 27154.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1970.

---

Albert M. Horn, Richard Roesel, R. F. Boult, Jr., Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Julian M. Longley, Jr., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, BELL and INGRAHAM, Circuit Judges.

PER CURIAM.

In this conscientious objector case, Appellant brings a direct appeal from a conviction for having failed to submit to induction into the armed forces in violation of 50 App. U.S.C.A. § 462. As in most of these cases, the question presented is the validity of the Draft Board's induction order. Here Appellant has raised questions concerning the procedure by which the Board classified him I–A and the validity of the Draft Board's action denying his request to be classified a conscientious objector under 50 App. U.S.C.A. § 456(j).[1] He also challenges the constitutionality of the religious basis requirement for the conscientious objector classification.

In reversing Appellant's conviction, we need not, however, reach either the alleged defects in the classification process [2] or the alleged constitutional defect. This has been made unnecessary

---

[1] "(j) Nothing contained in this title [sections 451, 453, 454, 455, 456 and 458—471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. As used in this subsection, the term "religious training and belief" does not include essentially political, sociological, or philosophical views, or a merely personal moral code. Any person claiming exemption from combatant training and service because of such conscientious objections whose claim is sustained by the local board shall, if he is inducted into the armed forces under this title, [sections 451, 453, 454, 455, 456 and 458—471 of this Appendix], be assigned to noncombatant service as defined by the President, or shall, if he is found to be conscientiously opposed to participation in such non-combatant service, in lieu of such induction, be ordered by his local board, subject to such regulations as the President may prescribe, to perform for a period equal to the period prescribed in section 4(b) [section 454 (b) of this Appendix] such civilian work contributing to the maintenance of the national health, safety, or interest as the local board pursuant to Presidential regulations may deem appropriate and any such person who knowingly fails or neglects to obey any such order from his local board shall be deemed, for the purposes of section 12 of this title [section 462 of this Appendix], to have knowingly failed or neglected to perform a duty required of him under this title [sections 451, 453, 454, 455, 456 and 458—471 of this Appendix]."

[2] Among the claimed defects in the classification process were the failure of the Board to reopen and consider a request for an occupational deferment, the failure to allow Appellant to discover the Hearing Officer's report, and the failure to first refer Appellant's claim to the Department of Justice.

because of the Supreme Court's recent action in Welsh v. United States, 1970, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308.

There the court interpreted § 456(j) to accord conscientious objector status to a registrant whose belief did not include a religious basis for the claim to such status. Appellant's claim here falls within the scope of the holding in *Welsh* and thus he is entitled to the benefit of that holding in the determination of his status.

Neither the Draft Board officials nor the district court had the benefit of the *Welsh* decision in reviewing appellant's claim to conscientious objector status. Therefore the conviction cannot stand and the judgment of conviction must be reversed. Appellant's status may be considered anew by the Draft Board on the standards enunciated in *Welsh*.

Reversed and remanded for further proceedings not inconsistent herewith.